**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-1737

_____

PAULA M. DONALDS,

　　　　　Plaintiff - Appellant,

　　v.

ETHICON, INC.; JOHNSON & JOHNSON,

　　　　　Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, District Judge.  (1:20-cv-01659-GLR)

_____

Submitted:  January 18, 2023                        Decided:  March 10, 2023

_____

Before AGEE and DIAZ, Circuit Judges, TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Kevin P. Sullivan, SALSBURY SULLIVAN, LLC, Baltimore, Maryland, for Appellant. Amy M. Pepke, Susanna M. Moldoveanu, Memphis, Tennessee, M. Elizabeth Roper, BUTLER SNOW LLP, Ridgeland, Mississippi; Shannon E. Beamer, VENABLE LLP, Los Angeles, California, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paula Donalds brought this diversity products-liability suit against defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"), seeking damages for injuries she claims were caused by a TVT Abbrevo pelvic mesh device produced by Ethicon. Donalds appeals the district court's decision excluding the testimony of her expert witness on causation, granting summary judgment to Ethicon on her design defect claims, and denying her motion for reconsideration.[1] We affirm.

I.

On July 17, 2014, Donalds' treating physician, Dr. Christine O'Connor, implanted a TVT Abbrevo device to treat Donalds' urinary incontinence. In 2016, Donalds began experiencing bladder spasms, pain, burning sensations, and a recurrence of her urinary incontinence. On July 25, 2016, Dr. Richard Ellerkmann removed portions of the TVT Abbrevo device, and, on October 3, 2016, he implanted Donalds with the TVT Exact device, another mesh device produced by Ethicon.[2]

On April 3, 2017, Donalds filed suit against Ethicon in the United States District Court for the Southern District of West Virginia, as part of a multi-district litigation

---

[1] Donalds voluntarily withdrew several of her counts during the district court proceedings. The district court granted summary judgment on the remaining counts, which included her design defect claims, failure to warn claims, breach of warranty claims, fraud and negligent misrepresentation claims, and consumer protection law claims. Donalds appeals only the district court's ruling on her design defect claims under the theories of negligence (Count I), gross negligence (Count XIV), and strict liability (Count V).

[2] Donalds' lawsuit only raised claims pertaining to the TVT Abbrevo device.

2

captioned *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327 (the "MDL litigation"). Donalds alleged, *inter alia*, that the TVT Abbrevo device was defectively designed. Pursuant to the Pretrial Order issued in the MDL litigation, Donalds' Rule 26 expert disclosures were due by July 13, 2018; Ethicon's expert disclosures were due by August 13, 2018; and Donald's rebuttal expert disclosures were due by August 20, 2018.

Donalds designated four retained expert witnesses. Three of the retained experts were offered to testify generally as to alleged defects in the TVT Abbrevo.[3] The fourth was Richard L. Luciani, M.D., and he was the only expert designated to testify as to case-specific causation. In his one-and-a-half-page report, Dr. Luciani summarily set forth his qualifications, Donalds' surgical history and symptoms, and offered the following one-sentence opinion on causation:

> It is my opinion to a reasonable degree of medical probability that the complications Ms. Donalds endured following implantation of the TVT ABBREVO mesh product, as described above, were proximately caused by the erosion of the mesh product.

J.A. 909. Ethicon designated Nina Bhatia, M.D., as its expert witness on causation. Dr. Bhatia took issue with Dr. Luciani's failure to address and rule out other causes of Donalds' symptoms, including a scissor puncture that occurred when Dr. O'Connor implanted the TVT Abbrevo device on July 17, 2014, and a work-related accident that Donalds suffered

---

[3] The three expert witnesses designated were Jerry Blaivas, M.D.; Uwe Klinge, Ph.D., M.D.; and Vladamir Iakovlev, M.D.

3

on August 9, 2014.[4]   Donalds filed no rebuttal disclosures.  The deadline to complete discovery was October 4, 2018.

On June 8, 2020, the MDL judge remanded Donalds' case to the United States District Court for the District of Maryland.  The MDL court order noted that discovery had been completed in the MDL litigation and "*urg[ed] the receiving court to immediately set the[] case[] for trial without reopening discovery.*"  J.A. 330.  The MDL court explained that "*[f]urther discovery will only result in unjust delay.  Extensive development of these cases over a period of years has made such further action completely unnecessary.*"  J.A. 330 (emphasis in original).

On June 23, 2021, after mediation efforts failed, Ethicon sought summary judgment.  Ethicon argued that Donalds could not establish her design defect claim because Dr. Luciani had not performed a proper differential diagnosis on causation but instead *ipse dixit* concluded that the TVT Abbrevo was the cause of Donalds' injuries.  Ethicon also pointed out that Dr. Luciani had failed to specify any defect in the design of the TVT Abbrevo, and had offered no opinion that Donalds' injuries were caused by a design defect.  Shortly thereafter, Donalds filed her memorandum in opposition.

On November 17, 2021, the district court directed supplemental briefing on the question of whether Dr. Luciani's opinion was admissible under Federal Rule of Evidence 702.  Donalds filed her supplemental brief on November 29, 2021, and attached a

---

[4] Donalds, a flight attendant, was injured when the pilot engaged the emergency brake on the runway, causing her to bang against areas of the plane and fall.  As a result of her injuries, Donalds was awarded Social Security disability benefits.

supplemental affidavit from Dr. Luciani. The affidavit expounded on Dr. Luciani's initial opinion in an obvious attempt to address the alleged deficiencies in his initial report. Ethicon argued that the supplemental affidavit was grossly untimely and that it, in fact, bolstered their argument that Dr. Luciani should not be permitted to testify because the original disclosure was insufficient.

The district court excluded Dr. Luciani from testifying under Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and declined to consider Dr. Luciani's belated affidavit. And because Donalds could not establish that an alleged design defect was the proximate cause of her injuries, the district court granted summary judgment to Ethicon. Donalds then filed a motion for reconsideration arguing, for the first time, that the district court should have considered Dr. Ellerkmann to be a causation expert before granting summary judgment. The district court denied the motion for reconsideration. This appeal followed.

## II.

Under her products-liability theory of recovery, Donalds was required to "show three product litigation basics—defect, attribution of defect to the seller, and a causal relationship between the defect and the injury." *Laing v. Volkswagen of Am., Inc.*, 949 A.2d 26, 39 (Md. Ct. Spec. App. 2008) (cleaned up). It is undisputed that Maryland law governs this diversity action, and that expert testimony was required to establish a design defect and its causal connection to Donalds' alleged injuries. *See Wood v. Toyota Motor Corp.*, 760 A.2d 315, 319 (Md. Ct. Spec. App. 2000).

5

We review the district court's decision to grant summary judgment to Ethicon *de novo*. Viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, "[s]ummary judgment is appropriate only 'when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Dash v. Mayweather*, 731 F.3d 303, 310-11 (4th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). To withstand a motion for summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

"[T]he admissibility of expert testimony in federal court sitting in the diversity jurisdiction is controlled by federal law." *Bryte ex rel. Bryte v. Am. Household, Inc.*, 429 F.3d 469, 476 (4th Cir. 2005) (cleaned up). Rule 26 of the Federal Rules of Civil Procedure governs the disclosures required prior to trial. Among other things, each "party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). This report must contain, *inter alia,* "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

6

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. A qualified expert witness "may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The expert's testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods," Fed. R. Evid. 702(b), (c), and those principles and methods must have been "reliably applied" by the expert "to the facts of the case," Fed. R. Evid. 702(d). It is the district court's responsibility to "ensure that an expert's opinion is based on scientific, technical, or other specialized *knowledge* and not on belief or speculation." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (cleaned up). This "gatekeeping function" serves to protect jurors from "being swayed by dubious scientific testimony." *Nease v. Ford Motor Co.*, 848 F.3d 219, 231 (4th Cir. 2017) (cleaned up).

It is the plaintiff's burden to establish the admissibility of her proposed expert testimony. *See Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). On appeal, we review evidentiary rulings, including rulings on the admissibility of expert testimony, for abuse of discretion only. *See General Electric Co. v. Joiner*, 522 U.S. 136, 141 (1997). "On a motion for summary judgment, disputed issues of fact are resolved against the moving party." *Id.* at 143. "But the question of admissibility of expert testimony is not such an issue of fact, and is reviewable under the abuse-of-discretion standard." *Id.*

A.

7

We hold that the district court did not abuse its discretion in excluding Dr. Luciani's proffered testimony on causation. Dr. Luciani's disclosed report was comprised of a summary review of his qualifications and Donalds' treatment records, followed by an *ipse dixit* conclusion that Donalds' symptoms "were proximately caused by the erosion of the mesh product." J.A. 909. He did not identify a specific defect that could have caused erosion of the mesh, nor did he address the other possible causes of Donalds' symptoms, even though Donalds had been alerted to the presence of these alleged deficiencies in Dr. Luciani's report well prior to the expiration of her time to file a rebuttal disclosure in the MDL proceedings. Because Dr. Luciani's opinion failed to supply the basis and reasons for his opinion and he offered no explanation of his methods or how he reached his conclusion, the district court held, "his opinion does not rise above the level of 'belief or speculation' and is *ipse dixit*." J.A. 1169. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion offered." *Joiner*, 522 U.S. at 146; *see also Daubert*, 509 U.S. at 590 (The "knowledge" required under Rule 702 "connotes more than subjective belief or unsupported speculation."); *Sardis*, 10 F.4th at 290 ("The trial court's gatekeeping function requires more than simply taking the expert's word for it.") (cleaned up).

This is precisely what the district court did in this case, and we see no abuse of discretion in its ruling. And because Dr. Luciani was Donalds' only case-specific expert

8

on causation—a necessary element of her design defect claims—the district court did not err in granting summary judgment to Ethicon.

## B.

We review a district court's decision to reject untimely disclosures of evidence for abuse of discretion as well, *see Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189-90 (4th Cir. 2017), and we also find no abuse of discretion in the district court's refusal to consider Dr. Luciani's untimely, supplemental affidavit.

As noted above, a party who fails to properly designate an expert witness as required by Rule 26(a) or Rule 26(e) may not use the expert at trial unless the party can show that the "failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "[T]he basic purpose of Rule 37(c)(1) [is to] prevent[] surprise and prejudice to the opposing party." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). And "it is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with Rule 37(c)(1) was either justified or harmless." *Id.* (cleaned up).

Under the MDL scheduling order, Donalds had until July 13, 2018, to serve her expert disclosure and reports, and until August 20, 2018, to file rebuttal expert disclosures. The time for additional discovery ended on October 4, 2018, after which the MDL court referred the case to the Maryland district court and urged it to proceed to trial without further discovery. Dr. Luciani's supplemental report was not prepared or disclosed until November 29, 2021, over three years after the close of discovery.

On appeal, Donalds asserts that the district court erred in refusing to accept Dr. Luciani's supplemental affidavit under Rule 26(e) and erred in failing to examine whether the supplemental disclosure was substantially justified or harmless under Rule 37(c)(1). But once again, Donalds' arguments are too little and too late. Donalds did not seek the district court's permission to file a supplemental report under Rule 26(e), nor did she purport to offer it under that rule. Donalds also offered no argument that the late submission was substantially justified or harmless under Rule 37(c)(1). She simply attached it to her supplemental response in opposition to Ethicon's motion for summary judgment and persistently argued only that presentation of the supplemental report was not a discovery violation at all.

Because Donalds failed to raise the Rule 26(e) argument before the district court, she has forfeited review of it here. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) ("It is well established that this court does not consider issues raised for the first time on appeal, absent exceptional circumstances.") (cleaned up). But even if we were to consider the belated argument, the district court did not abuse its discretion in refusing to accept Dr. Luciani's untimely affidavit.

Rule 26(e) permits a party to supplement an expert witness report "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see also* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

10

to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Donalds' submission of the supplemental affidavit was hardly made "in a timely manner"—it was first offered three years after the close of discovery, to address the deficiencies that Ethicon had pointed out in its motion for summary judgment. And Donalds wholly failed to show that her failure to comply with the rules was justified or harmless. *See Southern States*, 318 F.3d at 596. Rule 26(e) is not "a loophole to revise [one's] disclosures in light of [an opposing party's] challenges to the analysis and conclusions therein." *EEOC v. Freeman*, 778 F.3d 463, 467 n.7 (4th Cir. 2015) (cleaned up); *see also Gallagher v. Southern Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) ("Courts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by 'supplementing' an expert report with a 'new and improved' expert report.").

For these reasons, we hold that the district court did not abuse its discretion in refusing to consider the supplemental affidavit, nor was it required to *sua sponte* consider the affidavit as a Rule 26(e) submission or create reasons why it should be considered despite Rule 37(c)(1).

### III.

Finally, Donalds argues that the grant of summary judgment was erroneous because, even if the district court properly excluded Dr. Luciani's opinions, Dr. Ellerkmann could have provided expert testimony on causation. Donalds raised this argument for the first

11

time in her motion for reconsideration under Federal Rule of Civil Procedure 59(e).  The district court denied the motion because Donalds could have but failed to raise this argument in opposition to the motion for summary judgment and, in the alternative, because she had also failed to meet the disclosure requirements for a hybrid expert witness.

"[A]n issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised; accordingly, such an issue is not preserved for appellate review unless the district court exercises its discretion to excuse the party's lack of timeliness and consider the issue." *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999); *see also Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.").  The district court did not excuse Donalds' failure to raise the issue in this case and, therefore, Donalds has not preserved this argument for appellate review.

Even if we were to entertain the issue, however, the district court did not abuse its discretion in denying the motion because Donalds also failed to meet the disclosure requirements for Dr. Ellerkmann.  *See United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 206 (4th Cir. 2017) (explaining that the denial of a motion for reconsideration is reviewed only for an abuse of discretion).  A Rule 59(e) motion for reconsideration "may only be granted in three situations:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car*

12

*Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (cleaned up). "It is an extraordinary remedy that should be applied sparingly." *Id.*

Dr. Ellerkmann was designated in his capacity as a treating physician, not a retained expert. Nevertheless, Rule 26(a)(2)(C) required Donalds to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Dr. Ellerkmann was designated as a non-retained expert witness who "is expected to provide testimony . . . as it relates to his care and treatment of the Plaintiff." J.A. 1195. Dr. Ellerkmann was never designated to offer testimony on the issue of causation. Thus, even if Dr. Ellerkmann *could* have offered expert opinions as to causation, which alone is doubtful, Donalds failed to comply with the disclosure requirements necessary to do so under Rule 26(a)(2)(C). Accordingly, the district court was well within its discretion to also deny Donalds' motion for reconsideration on this basis.

## IV.

Having reviewed the record on appeal as well as the parties' briefs, and for the reasons summarized above, we find no abuse of discretion or reversible error and affirm on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

13